## CUCCIO & Co. *v.* UNITED STATES (No. 319).[1]

IMPORTATION AND NONIMPORTATION.

Whether all, or a portion only, of a cargo of fruit constitutes an importation depends on the facts established by evidence in the particular case. In this particular case the board based its decision on the ground that the evidence offered by the importers was not convincing of error in the return made by the collector and no reason here appears to disturb that finding.—United States *v.* Shallus, *supra.* (T. D. 32074).

United States Court of Customs Appeals, November 28, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 19724 (T. D. 29288).

[Affirmed.]

*Walden & Webster (Howard T. Walden* of counsel) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

BEFORE MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, JUDGES.

DE VRIES, Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of United States General Appraisers affirming the action of the collector in assessing duty as lemons upon certain alleged worthless and decayed matter. The importation was at the port of New York. The collector assessed the entire importation, and the importer alleges in his protest that a portion thereof was decayed at the time of importation, and that as to that portion, therefore, there was a nonimportation, for which abatement of duties is claimed.

In United States *v.* Shallus, this day decided, we have considered the law applicable to this case, and it will be unnecessary, therefore, herein to reiterate the principles of law considered.

We, in effect, there held that duties accrue upon imported merchandise at the time the same crosses the line within the customs district; that the importer is entitled to an abatement of duties where there is a nonimportation of the whole or any part of such a cargo; that the provisions of section 2921 of the Revised Statutes relating to a certificate of shortage by the appraiser constitute a rule

---

[1] Reported in T. D. 32075 (21 Treas. Dec., 666).

of evidence in specific cases and not an amendment to or repeal of the existing law as above stated; that the amount of decay or shortage of an importation is, therefore, in each case a question of fact to be established as any other probative fact, an issue in the case.

In this case the collector assessed for duty the entire importation. There was no certificate by the appraiser or other customs official of nonimportation in whole or in part of the cargo. Examination was made of the merchandise upon the wharf after it was landed by the importer. The only witness who testified in the case was the importer, who stated he had made a complete and detailed examination. The Board of General Appraisers, weighing the testimony of the importer and the other facts in the record, determined and found that all of these importations which had been examined by the importer within six days after the arrival of the vessel were entitled to certain abatements of duties by reason of a shortage at the time of importation; that all of the shipments which were examined after six days after such arrival of the cargoes were not entitled to such abatements. The board expressly rests its decision upon the ground that the evidence offered by the importer did not convince the board that the return of the collector in the cases specified was incorrect. The board expressly stated that its opinion was not an attempt to make a hard and fast rule as to all cases. We can not read the decision of the board other than a finding of fact relating to the particular importations in question, and applicable to no other importations, and based solely upon the testimony in the record before the board in the particular case.

The board had before it on the one hand the return of the collector, upon the other hand the testimony of the importer. It weighed each carefully and made a specific finding of fact as to each protest and importation. It refused to accept the testimony of the importer in certain instances as sufficient to refute the presumption of correctness of the return of the collector. The record is significant of reasons why the board might decline to accept as conclusive the testimony of the importer as to some of these importations at least. The following is the testimony:

Q. Fruit containing 60 per cent of decay salable?—A. Salable?

Q. Yes. Can you sell fruit containing as much decay as that?—A. Yes. The buyers get stuck.

By General Appraiser SOMERVILLE: Generally state to the purchaser when you sell the goods what your estimate of the rot is?

A. Oh, no; we keep it for ourselves.

Q. Does he examine them himself before he buys?—A. Yes; of course he examines the best samples.

We are unable to discover in this record any cogent reason why the court should interfere with the finding of the board.

*Affirmed.*